UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRON SMITH, | ) Case No. CV 17-03676-JAK (DTB) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| DEBBIE ASUNCION, Warden, | ) |
| Respondent. | ) |

On May 16, 2017, petitioner filed a Petition for Writ of Habeas Corpus ("Pet.") pursuant to 28 U.S.C. § 2254 along with supporting exhibits ("Pet. Exh."). The Petition purports to be directed to a 2007 conviction sustained by petitioner in Los Angeles County Superior Court in Case No. TA084803. (See Pet. at 1, 7.) Petitioner purports to be raising a single ground for relief contending that the mandatory life sentence he received while still a minor violates the Eighth Amendment's proscription against cruel and unusual punishment. (See Pet. at 1-2, 10-11.)

Based on its review of the Petition, as well as information derived from the docket of the United States District Court, Central District of California, it appears to the Court that the Petition herein constitutes a second or successive petition under 28 U.S.C. § 2244(d), as petitioner previously sought habeas relief from the same 2007 Los Angeles County Superior Court judgment of conviction in a petition filed in this

1

Court, Case No. CV 11-06026-JAK (DTB) (the "Prior Action"). On September 17, 2012, Judgment was entered in the Prior Action dismissing that petition with prejudice. Petitioner filed a notice of appeal from that Judgment on November 7, 2012, and the Ninth Circuit affirmed the Judgment on October 29, 2013.

Thus, it appears that the Petition now pending constitutes a second or successive petition under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). Specifically, under the AEDPA, 28 U.S.C. § 2244(b) reads, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

///
///
///

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Here, it appears that the instant Petition constitutes a second and/or successive petition within the meaning of 28 U.S.C. § 2244(b), as it challenges the same conviction as petitioner's habeas petition in the Prior Action. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). As such, it was incumbent on petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

Accordingly, on or before **June 19, 2017**, petitioner is ORDERED to show cause in writing (if any he has) why the Court should not recommend that this action be dismissed with prejudice on the ground that petitioner failed to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court.

DATED: May 22, 2017

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE