| | |
|---|---|
| | |

<br>

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRON SMITH, | ) Case No. CV 17-03676-JAK (DTB) |
| Petitioner, | ) |
| vs. | ) ORDER SUMMARILY DISMISSING<br>) PETITION FOR WRIT OF HABEAS<br>) CORPUS FOR LACK OF SUBJECT |
| DEBBIE ASUNCION, Warden, | ) MATTER JURISDICTION |
| Respondent. | ) DENYING CERTIFICATE OF<br>) APPEALABILITY |
| | ) |

**PROCEEDINGS**

On May 16, 2017, petitioner filed a Petition for Writ of Habeas Corpus ("Pet.") pursuant to 28 U.S.C. § 2254 along with supporting exhibits ("Pet. Exh."). The Petition purports to be directed to a 2007 conviction sustained by petitioner in Los Angeles County Superior Court in Case No. TA084803. (See Pet. at 1, 7.) Petitioner purports to be raising a single ground for relief contending that the mandatory life sentence he received while still a minor violates the Eighth Amendment's proscription against cruel and unusual punishment. (See Pet. at 1-2, 10-11.)

///

1

Based on its review of the Petition, as well as information derived from the docket of the United States District Court, Central District of California, it appeared to the Court that the Petition herein constituted a second or successive petition under 28 U.S.C. § 2244(d), as petitioner previously sought habeas relief from the same 2007 Los Angeles County Superior Court judgment of conviction in a petition filed in this Court, Case No. CV 11-06026-JAK (DTB) (the "Prior Action"). On September 17, 2012, Judgment was entered in the Prior Action dismissing that petition with prejudice. Petitioner filed a notice of appeal from that Judgment on November 7, 2012, and the Ninth Circuit affirmed the Judgment on October 29, 2013.

Therefore, on May 22, 2017, the Court issued an Order to Show Cause ("OSC") ordering petitioner to show cause as to why the Court should not recommend that this action be dismissed on the ground that petitioner failed to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. On June 12, 2017, petitioner filed his Response to the OSC. In his Response, petitioner acknowledges that the Court is correct as to the nature of the instant Petition and that he has filed an application for permission to file a second or successive petition with the Ninth Circuit. (Response at 1.) Petitioner requests that the Court "wait and see what the Ninth Circuit does with the 'Application for permission motion'" before ruling on the OSC. (Id.)

## DISCUSSION

**I.** **The Court lacks jurisdiction to consider the Petition as it is second or successive to his prior petitions.**

The Court has considered petitioner's Response to the OSC and rules as follows: The Petition pending constitutes a second or successive petition under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). Specifically, under the AEDPA, 28 U.S.C. § 2244(b) reads, in pertinent part, as follows:

///

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Thus, the Petition now pending constitutes a second and/or successive petition challenging the same conviction as the Prior Action in Case No. CV 11-06026-JAK (DTB), within the meaning of 28 U.S.C. § 2244(b). As such, it was incumbent on petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, **prior** to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction. See

Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001). Moreover, since the Court does not have jurisdiction to consider the Petition, it also lacks jurisdiction to consider petitioner's request to "wait and see what the Ninth Circuit does with the 'Application for permission motion.'"

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II. Denial of Certificate of Appealability

Rule 11(a) of the Rules Governing § 2254 Actions provides:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Here, the Court dismissed the Petition on the ground that it was a second or successive petition. Thus, the Court's determination of whether a COA should issue is governed by the Supreme Court's decision in Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), where the Supreme Court held that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the

prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484. As the Supreme Court further explained:

> Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.

Id. at 485.

Here, the Court finds that its ruling that the Petition is second or successive is not one in which "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

## ORDER

This action is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

A Certificate of Appealability is DENIED. This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the Ninth Circuit.[1]

As required by Fed. R. Civ. P. 58(a)(1), final judgment will be issued separately.

DATED: June 27, 2017

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

_____
David T. Bristow
United States Magistrate Judge

---

[1] See Muth v. Fondren, 676 F.3d 815, 822 (9th Cir. 2012) (citing 28 U.S.C. § 2253(c)(1)(B)), see also Fed. R. App. P. 22(b)(1).